| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

LEE BROUSSARD, SR., §
　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:17-CV-327
　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　Petitioner Lee Broussard, Sr., an inmate confined at the Wynne Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the petition be dismissed as barred by limitations and for failing to exhaust state habeas remedies.

　　　　The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

　　　　The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit. While petitioner claims he submitted his complaint to parole and prison officials in 2014 without answer, petitioner has failed to allege or demonstrate he either initiated or completed state habeas proceedings concerning his parole revocation. Accordingly, petitioner's claims are barred by limitations and unexhausted.

　　　　Additionally, to the extent petitioner's claims may be liberally interpreted as asserting claims of civil rights violations, such claims are barred by the applicable two year statute of limitations. In a Section 1983 action, federal courts apply the general personal injury statute of

limitations from the forum state. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, the general personal injury statute of limitations is two years. TEX. CIV. PRAC. & REM. CODE Ann. § 16.003 (West 2017).

Further, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 24th day of October, 2017.

                                                  MARCIA A. CRONE
                                       UNITED STATES DISTRICT JUDGE